UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YOVANNY DOMINGUEZ, on behalf of himself          18-cv-09819 (DCF)
and all others similarly situated,

                                    Plaintiff,

        - against -

1650 BROADWAY ASSOCIATES, INC. d/b/a
ELLEN'S STARDUST DINER,

                                    Defendant.
-----------------------------------------------------------X

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #: _____          │
│ DATE FILED: _5/28/19_             │
└──────────────────────────────────┘
```

## CONSENT DECREE

1.      This Consent Decree is entered into as of the Effective Date, as defined

below in Paragraph 10, by and between the following parties: Plaintiff Yovanny Dominguez

("Plaintiff") and Defendant 1650 Broadway Associates, Inc. ("Defendant"). Plaintiff and

Defendant shall hereinafter be collectively referred to as the "Parties" for the purposes and on the

terms specified herein.

## RECITALS

2.      Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42

U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit

discrimination on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or

leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. §

36.201(a).

3.      On or about October 24, 2018, Plaintiff filed this action in the United States

District Court for the Southern District of New York entitled *Yovanny Dominguez v. 1650 Broadway*

*Associates, Inc. d/b/a Ellen's Stardust Diner,* Docket No: 18-cv-09819(DCF) (the "Action").

Plaintiff alleges that Defendant's website or websites and mobile applications (the "Website")

are not fully accessible to individuals with disabilities in violation of Title III of the Americans with

Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New

York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law

("NYCHRL").

       4.     Defendant expressly denies that the Website violates any federal, state or

local law, including the ADA, NYSHRL, NYSCRL, and the NYCHRL, and it denies any other

wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit

any wrongdoing.

       5.     This Consent Decree resolves, settles, and compromises all issues between

the Parties in the Action.

       6.     This Consent Decree is entered into by Plaintiff, individually, but is

intended to inure to the benefit of vision impaired individuals who are members of the class

alleged in the Complaint.

JURISDICTION

       7.     Plaintiff alleges that Defendant is a private entity that owns and/or operates

the Website which is available through the internet to personal computers, laptops, mobile

devices, tablets, and other similar technology. Plaintiff contends that the Website is a service,

privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42

U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or

that it is a place of public accommodation or otherwise subject to Title III of the ADA,

NYSHRL, and/or NYCHRL.

4843-6492-7369.1

8.      This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9.      Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

10.      Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11.      Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 16 through 19 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

<u>TERM</u>

12.    The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) thirty-six (36) months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

<u>GENERAL NONDISCRIMINATION REQUIREMENTS</u>

13.    Pursuant to the terms of this Consent Decree, Defendant:

    a.    Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b.    shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

    c.    shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

4843-6492-7369 1

## COMPLIANCE WITH TITLE III OF THE ADA

14.     Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

    a. Within eighteen (18) months of the Effective Date, the Defendant shall modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Websites will be accessible to persons with vision disabilities.

    b. The Parties acknowledge that Defendant's obligations under this Agreement do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or Websites Defendant do not own, operate, prepare or control but that are linked from the Websites (including, but not limited to, any content/Websites hosted by third parties and implemented

on the Websites); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in their discretion, to cease the remediation efforts described above.

c.  In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.

d.  If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Agreement as set forth herein regarding remediation of the Website.

## SPECIFIC RELIEF TO PLAINTIFF

15.     Specific Relief: Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement"), the remedial portions of which are hereby incorporated by reference into this Consent Decree but not publicly filed. The Settlement Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

16.     The procedures set forth in Paragraphs 17 through 19 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant alleges that there is a criteria of the applicable WCAG standard with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

17.     If any of the Parties claim this consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The alleged breaching party must respond to such written notice of breach no later than thirty (30) calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party

alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent

Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs

to the prevailing party in any such enforcement action.

18.    There will be no breach of this Consent Decree unless (a) the independent

accessibility consultant determines that a particular item(s) cannot be accomplished by a person

with a disability who has average screen reader competency using a prominent commercially

available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the

following browsers (in versions of which that are currently supported by their publishers):

Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using

Reasonable Efforts within a reasonable period of time of not less than ninety (90) days from

receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a

reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer

than ninety (90) days, then the Parties may agree on a longer time period without leave of Court

so long as the extension is documented in writing and executed by the Parties to this Agreement

or their respective counsel. If the accessibility consultant finds that a particular item found not to

be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to

remedy that item.

19.    Any notice or communication required or permitted to be given to the

Parties hereunder shall be given in writing by e-mail and by overnight express mail or United

States first class mail, addressed as follows:

For PLAINTIFF:            Joseph Mizrahi
                          COHEN & MIZRAHI LLP
                          300 Cadman Plaza West, 12th Fl.
                          Brooklyn, NY 11201
                          Tel: 917.575.4175
                          E-mail: joseph@cml.legal

For DEFENDANT:                    Peter T. Shapiro, Esq.
                                 LEWIS BRISBOIS BISGAARD & SMITH
                                 LLP
                                 77 Water Street, Suite 2100
                                 New York, NY 10005
                                 Tel: 212-232-1322
                                 Email: Peter.Shapiro@lewisbrisbois.com

## MODIFICATION

20.    No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

21.    The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

22.    This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

23.    If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

24.     The Parties to this Consent Decree expressly intend and agree that this

Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the

ADA, including those who utilize a screen reader to access the Website, which disabled persons

shall constitute third-party beneficiaries to this Consent Decree.

25.     The signatories represent that they have the authority to bind the respective

parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

26.     This Consent Decree has been carefully read by each of the Parties, and its

contents are known and understood by each of the Parties. This Consent Decree is signed freely

by each party executing it. The Parties each had an opportunity to consult with their counsel

prior to executing the Consent Decree.

PLAINTIFF

Dated:    3-22-2019

By. _____

DEFENDANT

Dated: _____

By: _____

Its: ____ __ _____

APPROVED AS TO FORM AND CONTENT.

PLAINTIFF'S LAWYERS

Dated:    3-22-2019

By: /s/ Joseph Mizrahi
Joseph Mizrahi
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th Fl.
Brooklyn, NY 11201

4843-6492-7369.1

DEFENDANT'S LAWYERS

Dated: __3-29-2019__

By: /s/ Peter T. Shapiro
Peter T. Shapiro, Esq.
LEWIS BRISBOIS BISGAARD &SMITH
LLP
77 Water Street, Suite 2100
New York, NY 10005

4843-6492-7369.1

<u>COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE</u>

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1)    This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2)    The provisions of this Consent Decree shall be binding upon the Parties;

3)    Entry of this Consent Decree is in the public interest;

4)    This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5)    The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6)    The Court's jurisdiction over this matter shall continue for 36 months; and

7)    This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED: *5/28/19*

*In light of the parties'*
*settlement, the Clerk of Court*
*is directed to close this case*
*on the Docket of the Court.*

_____
U.S.M.J.

DEBRA FREEMAN
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF NEW YORK**

4843-6492-7369.1